CYCLOPS IRON WORKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 34784, 40646. Promulgated February 24, 1932.

*H. H. Tooley, Esq.,* for the petitioner.
*F. R. Shearer, Esq.,* for the respondent.

604

OPINION.

LANSDON: In respect to the first two years in review the petitioner contends that its taxable status as a trust is fixed, in virtue of its having filed fiduciary returns for such years, and for 1922, which were accepted and approved by the collector of internal revenue; and that such acceptance constituted a ruling within section 704 (a) of the Revenue Act of 1928, which, remaining unrevoked, commits the respondent to an acceptance of its claims now made in such respect. There is no merit to this contention under the facts shown. The act of the local collector of internal revenue in receiving petitioner's returns when presented for filing, was a mere routine act which in no way committed the respondent in his audit which followed. We, therefore must hold against the petitioner on this contention.

The remaining question relates to the character of the petitioner's business which produced the income in question and to its organization structure. It is obvious that the disputed income was derived

from a business which a corporation might properly conduct, inasmuch as it had been so operated for many years. The petitioner contends, however, that its form of organization excludes it from classification as an association within the taxing laws and makes it a simple trust. In support of this interpretation the petitioner contends that the trust instrument denies any control to the beneficiaries over the trustees in their management of the trust business, and argues that this lack-of-control feature distinguishes its organization from an association as defined by the courts and this Board. It is true that in certain cases the question of control has been one upon which our decisions have turned; but, if that were controlling in this case, we could not find petitioner's position sustained by the proof. On the contrary, the record shows that all of the beneficiaries had a hand in the management and control of the business carried on by their organization; three of their number serving in the double capacity of executive officers and trustees, and the other as its business manager. In such circumstances the entire and exclusive control of this organization and its business which produced the income was in the beneficiaries.

In *Hecht* v. *Malley*, 265 U. S. 144, the Supreme Court, after reviewing at great length the distinguishing features between associations and trusts, and quoting approved definitions of associations, held that " a body of persons united without charter, but upon methods and forms used by incorporated bodies, for the prosecution of some common enterprise " constituted an " association " taxable as a corporation.

It would be difficult to conceive of a business being carried on more nearly in conformity to corporate forms and methods than the one here considered, or of an organization which partook so little of the essential features of a trust as that of the petitioner. Respecting corporate formalities, excepting for the election of the trustees, by the beneficiaries, the new organization which succeeded to the corporation functioned in perfect parallel to the system used by the corporation, and there was not an advantage which the laws give to corporations, or a privilege or right of its stockholders which was not preserved to the petitioner and its beneficiaries under the trust agreement. On the other hand, there is little, except name, which would indicate that these parties intended to create a trust by this agreement, and some provisions in it violate the fundamental essentials of trust relationship. Typical of this are the provisions which allow the trustees to retain profits derived through business transactions between themselves and the trust estate, and permit any trustee to deal in his individual capacity with the trust in all respects " as if he were not a trustee," including (1) the right to

purchase at any public auction sale which the trustees might see fit to hold, assets of the trust; and (2) to contract with the trust without being required, in the absence of fraud, to make a fiduciary's account of any profits realized. The further provisions which allow the trustees to fix their own salaries, irrespective of any statutory provisions for compensation of trustees or other fiduciaries, and, in the absence of fraud, to decide all questions of dispute between themselves and the beneficiaries under the terms of the trust instrument, are so foreign to all concepts of fiduciary relationship as to put the parties claiming such powers beyond all claims of protection afforded trustees.

The corporation known as the Cyclops Iron Works was a close family corporation owned and controlled by the same individuals who now own and control this petitioner. There being no change in such ownership operation or control, except in name, we ignore the fiction and give force and effect to essential facts. The petitioner meets all of the essential requirements which constitute an association, taxable as a corporation, as heretofore construed by the courts and this Board, and the respondent committed no error in so classifying it in computing the taxes in dispute. *Little Four Oil & Gas Co.* v. *Lewellyn*, 29 Fed. (2d) 137; *United States* v. *Neal*, 28 Fed. (2d) 1022; *White* v. *Hornblower*, 27 Fed. (2d) 777; *Durfee Mineral Co.*, 7 B. T. A. 231; *Alexander Trust Property*, 12 B. T. A. 1226; *Woodrow Lee Trust*, 14 B. T. A. 1420; *Rochester Theatre Trust Estate*, 16 B. T. A. 1275; *J. W. Pritchett et al., Trustees*, 17 B. T. A. 1056.

*Decision will be entered for the respondent.*